IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL F. DISCH, # 03398-424, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-1343-JPG |
| | ) |
| HEARTLAND REGIONAL MEDICAL CENTER, | ) |
| BYRON WILLIAMSON, | ) |
| DR. DOOLITTLE, SR., | ) |
| RANDY BALMFORTH, | ) |
| and DENIS KUZELJ, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, a federal prisoner currently incarcerated at the USP-Marion, has brought this *pro se* civil action claiming that Defendants caused personal injury to him through their medical malpractice. Plaintiff expressly does *not* characterize this case as a civil rights action, and notes that the Defendants are not employed by the federal government. As such, he claims that the Prison Litigation Reform Act ("PLRA") does not apply to this case.

Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP"), however. (Doc. 2). This request must be evaluated according to the IFP provisions that apply to all litigants who seek to bring a lawsuit without prepayment of the Court's usual $400.00 filing fee in a civil case.[1] *See* 28 U.S.C. § 1914(a); § 1915. It is true that the PLRA's threshold screening provision found in 28 U.S.C. § 1915A does not apply to a civil action, such as this one, where a

---

[1] A litigant who is granted IFP status must pay a filing fee of only $350.00, as he is not assessed the $50.00 administrative fee for filing an action in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

1

prisoner is *not* seeking "redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. However, the requirements of 28 U.S.C. § 1915 still apply to any civil action where the plaintiff seeks leave to proceed IFP, regardless of whether the defendants are connected with a governmental entity, and regardless of whether the lawsuit involves prison conditions. Therefore, Plaintiff's IFP motion, as well as the merits of the suit, must be considered in light of § 1915, parts of which derive from the PLRA.

Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If IFP status is granted, a prisoner is assessed an initial partial filing fee according to the formula in 28 U.S.C. § 1915(b)(1)(A)-(B). Thereafter, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). This monthly payment must be made each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id*. Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form, but this is not the end of the matter. Under 28 U.S.C. § 1915,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Review of documents filed in the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) discloses the following actions brought by Plaintiff during his imprisonment, that have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: *Disch v. McChesney & Miller, et al.*, Case No. 95-cv-3043-WTH (N.D. Ill., dismissed as frivolous May 31, 1995); *Disch v. Krieg, et al.*, Case No. 95-cv637-RHK (D. Minn., dismissed as frivolous Sept. 6, 1995); *Disch v. Reiter, et al.*, Case No. 95-cv-1540-DBS (D. Col., dismissed as legally frivolous Nov. 17, 1995); *Disch v. O'Donnell, et al.*, Case No. 04-cv-2469-RWS (N.D. Ga., dismissed as frivolous pursuant to 28 U.S.C. § 1915A Sept. 9, 2004); and *Disch v. State of Georgia*, Case No. 05-cv-978 (N.D. Ga., dismissed as frivolous pursuant to § 1915A May 3, 2005). *See also Disch v. MCC Chicago Warden, et al.*, Case No. 05-cv-00250 (N.D. Ill., Doc. 4, Jan. 26, 2005) (listing Plaintiff's history of incurring "strikes" and informing him that he had "struck out"). Because Plaintiff has five "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate"

threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff's complaint, as well as his motion for leave to proceed IFP, are devoid of allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury. The basis for his claim is that on May 10, 2016, Plaintiff was treated at Heartland Regional Medical Center by the Defendant doctors. Dr. Williamson inserted a subclavian catheter into Plaintiff, which caused his lung to collapse, and required him to be transferred to another hospital. Plaintiff suffered pain for several days while he was hospitalized. (Doc. 1, pp. 3, 5). There is no indication that he currently has any symptoms or need for medical treatment that is not being met.

The Court concludes that Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of § 1915(g), thus he cannot proceed IFP in this case. Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 2) is **DENIED**. It is **further ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (on or before **April 11, 2017**). If Plaintiff fails to comply with this payment order in the time allotted by the Court, this case will be dismissed. *See* FED. R. CIV. P. 41(b); *Ladien v.*

*Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).  Additionally, the Court shall order payments to be deducted from Plaintiff's prisoner trust account in accordance with § 1915(b) until the $400.00 fee is paid in full.

Plaintiff omitted any mention of his previous "strikes" listed above, either in his Complaint or his motion for leave to proceed IFP.  His pointed assertions that the PLRA does not apply to this lawsuit suggest to the Court that this omission may have been intentional – particularly because court orders in at least two of his earlier cases clearly informed Plaintiff that he had "struck out" and was no longer eligible to seek IFP status in future lawsuits (unless he met the "imminent physical danger" requirement).

Where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court.  *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal).  *See also Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court).

The Court does not find it appropriate to dismiss this action as a sanction at this time. However, Plaintiff is **WARNED** that if he seeks to proceed *in forma pauperis* in another civil action in this Court without fully disclosing his litigation history (whether or not he employs the Court's pre-printed civil complaint form), that action shall be subject to summary dismissal as a sanction for providing fraudulent information to the Court.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED: March 20, 2017**

*s/J. Phil Gilbert*
United States District Judge
